UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

JAMES GOOSLIN,                        )
                                      )
        Petitioner,                   )        Civil Action No. 12-CV-90-HRW
                                      )
V.                                    )
                                      )
MICHAEL SEPANEK, Warden,              )        **MEMORANDUM OPINION**
                                      )              **AND ORDER**
        Respondent.                   )

**** **** **** ****

James Gooslin is an inmate confined in the Federal Prison Camp located in

Ashland Kentucky. Proceeding without counsel, Gooslin has filed a petition for writ

of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1, amended at D. E. No. 7].

The Court has reviewed the petition,[1] but must deny it because Gooslin can not

pursue his claims in a habeas corpus proceeding under § 2241.

---

[1] The court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because Gooslin is not represented by an attorney, the court reviews his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the court accepts Gooslin's factual allegations as true and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758. The burden is on the petitioner to establish that the remedy under § 2255 is inadequate or ineffective, *Martin*, 319 F.3d at 804–05, and Gooslin has not carried his burden with respect to this particular Sixth Amendment claim.

Gooslin is also not entitled to relief under § 2241 as to his three other Sixth Amendment claims - that his counsel failed to show him the government's discovery prior to trial, failed to seek a plea bargain from the prosecutor, and failed to submit favorable jury instructions on this issue of his *mens rea*. Gooslin either knew or should have known about the facts underlying these when he filed his § 2255 motion, and he should have asserted those claims at that time along with the other Sixth Amendment claims he raised, but he did not do so. Again, the remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner failed to assert a claim in his § 2255 motion. *Charles*, 180 F.3d at 756-758. As to these three claims, Gooslin can not demonstrate that his remedy under § 2255 was an inadequate means of challenging his conviction.

Gooslin now contends that the recent *Frye* and *Lafler* decisions permit him to both re-argue the Sixth Amendment claims he unsuccessfully asserted in both his § 2255 motion and his prior § 2241 petition, and assert a new Sixth Amendment claim assailing his counsel's alleged failure to seek a plea bargain. Gooslin's

9

argument suffers from two fatal defects.

First, Gooslin's reliance on the recently decided *Frye* and *Lafler* decisions are substantively misplaced. In *Lafler*, the defendant's attorney advised him to reject the plea offer which resulted in the defendants receiving a much more severe sentence than he would had he accepted the plea offer. *Lafler*, 132 S.Ct. at 1383. *Lafler* is factually inapposite because Gooslin does not allege that his counsel gave him erroneous legal advise upon which he relied in rejecting a plea offer. *See Magana v. Hofbauer*, 263 F.3d 542, 550 (6th Cir. 2001).

In *Frye*, the defendant's counsel did not advise him about the plea bargains the government had offered. *Frye*, 32 S.Ct. at 1405. *Frye* is factually inapposite because Gooslin does not allege either that a plea offer existed **or** that his counsel failed or refused to convey that offer to him. Gooslin alleges *only* that after he informed his counsel of his willingness to enter into a plea-bargain, his counsel failed to attempt to obtain a plea agreement from the government. That alleged situation did not exist in either *Lafler* nor *Frye*.

Further, Gooslin's Sixth Amendment argument assumes that had his counsel made such a request, the government would in turn have offered a plea agreement on terms sufficiently favorable to him, but his assumption is incorrect because there is "no constitutional right to plea bargain" and nothing requires a prosecutor to accept

a plea bargain proposal from a defendant which the prosecutor finds unacceptable. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977).

Since Gooslin had no constitutional right to a plea bargain from the prosecutor, it follows that his counsel was not constitutionally deficient for allegedly ignoring his request to seek a plea bargain from the government. *See United States v. Rice*, 607 F.3d 133 (5th Cir. 2010); *United States v. Gonzalez–Vazquez*, 219 F.3d 37, 43 (1st Cir. 2000) ("'there is no constitutional right to plea bargain'") (*quoting Weatherford*, 429 U.S. at 561)); *United States v. Bissette*, 30 F.3d 131 (Table), 1994 WL 413030 (4th Cir. 1994) (petitioner had "no right to engage in plea negotiations"); *United States v. Sammons*, 918 F.2d 592 (6th Cir.1990); *United States v. Palmer*, 809 F.2d 1504, 1508 (11th Cir. 1987) (no constitutional right either to a plea bargain or to a plea bargain with favorable terms); *Aguirre v. United States*, 2012 WL 3191958, at *6 (E.D. Tenn. August 02, 2012) (rejecting claim that § 2255 petitioner's counsel violated the Sixth Amendment by failed to effectuate a favorable plea bargain from the government)

Second, even assuming that *Frye* and *Lafler* offered substantive support, neither case is retroactively applicable to cases on collateral review.  The savings clause of § 2255 can implicate § 2241 when the movant alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*,

11

352 F.3d 1056, 1061 (6th Cir. 2003), but actual innocence requires factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the type of claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001).

Gooslin cannot make that showing, as four federal circuit courts of appeal have now ruled that because *Frye* and *Lafler* do not announce a new constitutional rule justifying a second or subsequent § 2255 petition, they are not retroactively applicable to cases on collateral review. *Buenrostro v. United States*, ___ F.3d ___, 2012 WL 4784304, at *2 (9th Cir. Oct. 9, 2012) (holding that ". . .these cases did not break new ground or impose a new obligation on the State or Federal Government."); *In re King*, ___ F.3d ___, 2012 WL 4498500, at *1 (5th Cir. Aug. 14, 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 932-33 (11th Cir. 2012). Gooslin is therefore not entitled to relief under § 2241, and his

12

habeas petition will be denied.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.     James Gooslin's petition for a writ of habeas corpus [D. E. No. 1] as

amended [D. E. No. 7] is **DENIED**.

2.     The Court will enter an appropriate judgment.

3.     This matter is stricken from the active docket.

This the 14th day of November, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

13