UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| JAMES GOOSLIN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 12-CV-90-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL SEPANEK, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

**** **** **** ****

James Gooslin is an inmate confined in the Federal Prison Camp located in

Ashland Kentucky. Proceeding without counsel, Gooslin has filed a petition for writ

of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1, amended at D. E. No. 7].

The Court has reviewed the petition,[1] but must deny it because Gooslin can not

pursue his claims in a habeas corpus proceeding under § 2241.

---

[1] The court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because Gooslin is not represented by an attorney, the court reviews his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the court accepts Gooslin's factual allegations as true and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

On October 5, 2006, a federal jury in West Virginia convicted Gooslin of engaging in a conspiracy to distribute 10 kilograms or more of cocaine in violation of 21 U.S.C. § 846, three counts of distribution of cocaine, and two counts of possession of cocaine with intent to distribute. *United States v. Gooslin*, No. 2:05-CR-00180 (S.D. W. Va. 2005). Gooslin received a 188-month sentence followed by a five year term of supervised release. In a separate proceeding, Gooslin was also ordered to forfeit $154,000.00. Gooslin's attorney filed a timely notice of appeal, but later voluntarily dismissed the appeal.

On January 2, 2008, Gooslin filed a motion to vacate his sentence under 28 U.S.C. § 2255, alleging that because his trial counsel had rendered ineffective assistance at various stages of his criminal trial, his resulting conviction and sentence violated the Sixth Amendment of the United States Constitution. Gooslin argued that his trial counsel rendered ineffective assistance by failing to: file a motion to suppress drugs seized from co-defendant; investigate and effectively cross-examine two prosecution witnesses; file a motion to suppress his statement to a law enforcement officer; investigate and present to the jury evidence of his mental competency/mental health conditions; investigate and present to the jury evidence of Gooslin's neighborhood; show the jury a lease receipt signed by a co-defendant; inform the jury that the government seized Gooslin's guns and sold them, and then tried to add four

2

or five years to his sentence; and take various actions to properly represent him at trial, such as making the proper objections. The trial court addressed the merits of all of Gooslin's Sixth Amendment claims, found that none of them warranted relief from his conviction and sentence, and denied Gooslin's §2255 motion. *Gooslin v. United States*, No. 2:05-CR-00180; No. 2:08-CV-0001, 2009 WL 1773173 (S.D. W. Va. June 19, 2009). Gooslin appealed, but the Fourth Circuit affirmed the order denying Gooslin's § 2255 motion, stating that Gooslin had not pointed to a decision or a dispositive procedural ruling which "reasonable jurists" would consider to be "debatable or wrong." *United States v. Gooslin*, 377 F. App'x. 289, 290 (4th Cir. 2010).

In 2011, Gooslin filed a habeas petition in this Court seeking relief from his conviction and sentence under § 2241. *Gooslin v. Sepanek*, No. 0:11-CV-108-HRW (E. D. Ky. 2011). Gooslin alleged that federal investigators, federal prosecutors, and the presiding judge engaged in a series of actions which violated his right to due process of law guaranteed by the Fifth Amendment of the United States Constitution. Gooslin also asserted one of the Sixth Amendment ineffective assistance of counsel claims he unsuccessfully raised in his § 2255 motion, *i.e.*, that his counsel failed to submit evidence to the jury showing that because of his mental retardation and psychological condition, he was incompetent to stand trial.

3

The Court denied Gooslin's habeas petition, finding that he was not entitled to relief under § 2241 because his remedy under § 2255 had been an adequate means of challenging his conviction and sentence under both the Fifth and Sixth Amendments. *Gooslin v. Sepanek*, No. 0:11-CV-108-HRW, 2012 WL 1205696 (E.D. Ky. April 10, 2012). The Court explained that Gooslin had an opportunity to assert his numerous Fifth Amendment due process challenges (concerning the investigators, prosecutors, and the judge) in his § 2255 motion, but that he failed to do so. *Id.* at *2. The Court further explained that in his § 2255 motion, Gooslin had previously and unsuccessfully argued that his counsel had been constitutionally defective for failing to investigate and/or present the jury with evidence of his mental health condition, but that after lengthy analysis of that Sixth Amendment claim, the sentencing court had rejected it as meritless, and the Fourth Circuit had affirmed. *Id.*

In his current § 2241 petition, Gooslin again collaterally challenges his conviction and sentence under the Sixth Amendment, this time alleging that his trial counsel rendered ineffective assistance by ignoring his repeated requests to seek a plea bargain from the prosecutor, failing to submit his medical records showing that he had a mental disability, failing either to request or reveal the government's pre-trial discovery, and failing to submit a jury instruction stating that he lacked the requisite intent to commit the charged offenses. Gooslin further contends that two

4

recent Supreme Court cases, both decided on March 21, 2012, *Lafler v. Cooper*, \_\_\_
U.S. \_\_\_, 132 S.Ct. 1375 (2012), and *Missouri v. Frye*, \_\_\_ U.S. \_\_\_, 132 S.Ct. 1399
(2012), support his Sixth Amendment ineffective assistance of counsel claims and
entitle him to relief from his conviction under § 2241.

In *Frye*, the Supreme Court held that defense counsel has the duty to
communicate formal offers from the prosecution to accept a plea on terms that may
be favorable to the accused, prior to the offer's expiration, and defense counsel's
failure to do so satisfies the deficient performance prong of the standard set forth in
*Strickland v. Washington*, 466 U.S. 668 (1986). *Frye*, 132 S.Ct. at 1409. The Court
further held that to show prejudice from ineffective assistance of counsel where a plea
offer has lapsed or been rejected because of counsel's deficient performance, a
defendant must demonstrate a reasonable probability he would have accepted the
earlier plea offer had he been afforded effective assistance of counsel, and he must
also demonstrate a reasonable probability the plea would have been entered without
the prosecution canceling it or the trial court refusing to accept it, if they had the
authority to exercise that discretion under state law. *Id.*

In *Lafler*, the defendant went to trial rather than accept a plea deal as a result
of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 132
S.Ct. at 1386. The defendant received a substantially more severe sentence at trial

than he likely would have received by pleading guilty. *Id.* The Court held that the proper remedy to cure the ineffective assistance of counsel was to order the prosecution to re-offer the plea agreement and allow the state trial court to "... exercise its discretion in determining whether to vacate the convictions and resentence respondent pursuant to the plea agreement, to vacate only some of the convictions and resentence respondent accordingly, or to leave the convictions and sentence from trial undisturbed." *Id.* at 1391.

## DISCUSSION

Gooslin is not challenging any aspect of the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, he contends that his drug convictions are invalid because he received ineffective assistance of counsel during his trial proceeding. But § 2241 is not the mechanism for asserting such challenges: 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

6

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

Gooslin's claims do not fall within this exception. In his § 2255 motion, Gooslin unsuccessfully challenged virtually every aspect of his counsel's performance at trial and sentencing, including his alleged failure to present his mental health records to the jury. The sentencing court adopted the magistrate's

comprehensive Report and Recommendation which stated that prior to trial, the court fully addressed this issue of Gooslin's mental competency, determined that Gooslin was competent to stand trial, and ruled as inadmissible evidence relating to Gooslin's mental state. *Gooslin*, 2009 WL 1773173, at *11. The Report and Recommendation further explained "Despite these rulings, Mr. Cline attempted to elicit testimony before the jury as to Defendant's mental state," *id,* and concluded that:

> [Gooslin] was not denied effective assistance of counsel with respect to his mental condition. [Counsel] insured that [Gooslin]'s complete mental health treatment history was provided to the forensic psychologist, and Gooslin's mental health history to the jury, despite the fact that it was irrelevant to the charges.

*Id.* at *12.

Thus, in this § 2241 proceeding Gooslin is merely simply recycling the same Sixth Amendment claim about his mental condition which he unsuccessfully asserted in both his § 2255 motion and in his prior § 2241 petition. The remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner presented a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *See Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, 2012 WL 11135, at *2 (N.D. Ohio Jan. 3, 2012). Section 2241 is not an additional, alternative, or

supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758. The burden is on the petitioner to establish that the remedy under § 2255 is inadequate or ineffective, *Martin*, 319 F.3d at 804–05, and Gooslin has not carried his burden with respect to this particular Sixth Amendment claim.

Gooslin is also not entitled to relief under § 2241 as to his three other Sixth Amendment claims - that his counsel failed to show him the government's discovery prior to trial, failed to seek a plea bargain from the prosecutor, and failed to submit favorable jury instructions on this issue of his *mens rea*. Gooslin either knew or should have known about the facts underlying these when he filed his § 2255 motion, and he should have asserted those claims at that time along with the other Sixth Amendment claims he raised, but he did not do so. Again, the remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner failed to assert a claim in his § 2255 motion. *Charles*, 180 F.3d at 756-758. As to these three claims, Gooslin can not demonstrate that his remedy under § 2255 was an inadequate means of challenging his conviction.

Gooslin now contends that the recent *Frye* and *Lafler* decisions permit him to both re-argue the Sixth Amendment claims he unsuccessfully asserted in both his § 2255 motion and his prior § 2241 petition, and assert a new Sixth Amendment claim assailing his counsel's alleged failure to seek a plea bargain. Gooslin's

argument suffers from two fatal defects.

First, Gooslin's reliance on the recently decided *Frye* and *Lafler* decisions are substantively misplaced. In *Lafler*, the defendant's attorney advised him to reject the plea offer which resulted in the defendants receiving a much more severe sentence than he would had he accepted the plea offer. *Lafler*, 132 S.Ct. at 1383. *Lafler* is factually inapposite because Gooslin does not allege that his counsel gave him erroneous legal advise upon which he relied in rejecting a plea offer. *See Magana v. Hofbauer*, 263 F.3d 542, 550 (6th Cir. 2001).

In *Frye*, the defendant's counsel did not advise him about the plea bargains the government had offered. *Frye*, 32 S.Ct. at 1405. *Frye* is factually inapposite because Gooslin does not allege either that a plea offer existed **or** that his counsel failed or refused to convey that offer to him. Gooslin alleges *only* that after he informed his counsel of his willingness to enter into a plea-bargain, his counsel failed to attempt to obtain a plea agreement from the government. That alleged situation did not exist in either *Lafler* nor *Frye*.

Further, Gooslin's Sixth Amendment argument assumes that had his counsel made such a request, the government would in turn have offered a plea agreement on terms sufficiently favorable to him, but his assumption is incorrect because there is "no constitutional right to plea bargain" and nothing requires a prosecutor to accept

10

a plea bargain proposal from a defendant which the prosecutor finds unacceptable. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977).

Since Gooslin had no constitutional right to a plea bargain from the prosecutor, it follows that his counsel was not constitutionally deficient for allegedly ignoring his request to seek a plea bargain from the government. *See United States v. Rice*, 607 F.3d 133 (5th Cir. 2010); *United States v. Gonzalez–Vazquez*, 219 F.3d 37, 43 (1st Cir. 2000) ("'there is no constitutional right to plea bargain'") (*quoting Weatherford*, 429 U.S. at 561)); *United States v. Bissette*, 30 F.3d 131 (Table), 1994 WL 413030 (4th Cir. 1994) (petitioner had "no right to engage in plea negotiations"); *United States v. Sammons*, 918 F.2d 592 (6th Cir.1990); *United States v. Palmer*, 809 F.2d 1504, 1508 (11th Cir. 1987) (no constitutional right either to a plea bargain or to a plea bargain with favorable terms); *Aguirre v. United States*, 2012 WL 3191958, at *6 (E.D. Tenn. August 02, 2012) (rejecting claim that § 2255 petitioner's counsel violated the Sixth Amendment by failed to effectuate a favorable plea bargain from the government)

Second, even assuming that *Frye* and *Lafler* offered substantive support, neither case is retroactively applicable to cases on collateral review. The savings clause of § 2255 can implicate § 2241 when the movant alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*,

11

352 F.3d 1056, 1061 (6th Cir. 2003), but actual innocence requires factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the type of claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001).

Gooslin cannot make that showing, as four federal circuit courts of appeal have now ruled that because *Frye* and *Lafler* do not announce a new constitutional rule justifying a second or subsequent § 2255 petition, they are not retroactively applicable to cases on collateral review. *Buenrostro v. United States*, ___ F.3d ___, 2012 WL 4784304, at *2 (9th Cir. Oct. 9, 2012) (holding that ". . .these cases did not break new ground or impose a new obligation on the State or Federal Government."); *In re King*, ___ F.3d ___, 2012 WL 4498500, at *1 (5th Cir. Aug. 14, 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 932-33 (11th Cir. 2012). Gooslin is therefore not entitled to relief under § 2241, and his

habeas petition will be denied.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.     James Gooslin's petition for a writ of habeas corpus [D. E. No. 1] as amended [D. E. No. 7] is **DENIED**.

2.     The Court will enter an appropriate judgment.

3.     This matter is stricken from the active docket.

This the 20th day of November, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

13